IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHARON MANNING                                                                                           PLAINTIFF

VS.                                                            CIVIL ACTION NO.: 1:24-cv-00151-MPM-DAS

LTC REHAB 2, LLC et al                                                                              DEFENDANTS

## ORDER

This cause comes before the court on the motions to dismiss filed by the defendants in this case, which involves claims for race and age discrimination under Title VII and the Age Discrimination in Employment Act (ADEA). The *pro se* plaintiff Sharon Manning has not responded at all to some of these motions, nor has she sought additional time to do so. This court notes that plaintiff did file a response to earlier motions to dismiss filed by certain defendants, but, in those responses, plaintiff merely addressed the service of process issues raised by defendants, and she did not address their alternative arguments that the claims against them should be dismissed on their merits as well. [Docket entry 26-1]. This court finds that some of these arguments are clearly meritorious, such as the arguments of the individual defendants that neither Title VII nor the ADEA provide for individual liability against them. *See Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 382 n.1 (5th Cir. 2003) ("Individuals are not liable under Title VII in either their individual or official capacities."); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) ("the ADEA provides no basis for individual liability for supervisory employees.").

1

From reviewing the record, it seems clear to this court that there are numerous deficiencies in the complaint in this case and also in the manner in which plaintiff has been prosecuting this action. Indeed, plaintiff concedes, in the limited responses which she filed, that she failed to properly serve process, and she asks for leniency from this court based on her *pro se* status. [*Id.* at 2]. This court is, in fact, always prepared to show leniency to *pro se* plaintiffs, particularly if it is clear that they might at least potentially have valid claims and are making good faith efforts to prosecute them. Neither of these are true in this case. From reviewing this record in this case, it seems clear that plaintiff has failed to properly this action from the start, and that the strikes against her in this regard have become so numerous that this entire action should be dismissed.

This court finds that the first strike against plaintiff arises from the fact that, aside from asserting plainly meritless claims for individual liability under Title VII and the ADEA, she made very little efforts to explain the exact circumstances of any discrimination she suffered in this case. Indeed, plaintiff's complaint is extremely short and unclear, merely asserting as bases for recovery:

> (1) Humiliation & embarrassment in front of colleagues; (2) Statement from Administrator that I said "I know you all think I am just a mad black woman with no sense. I didn't just come out of the field." (3) Termination of employment 4/2/2024 based on this statement; (4) Accusations of Medicare fraud – padding minutes.

[Complaint at 7]. It strikes this court that plaintiff expended scarcely more effort in explaining the nature of her claims in her complaint than she would have if she had been compiling a shopping list for a trip to the grocery story. Moreover, while this court is always prepared to show leniency to *pro se* plaintiffs based on their lack of legal expertise, a plaintiff's failure to make a good faith *effort* to explain her claims is something else entirely.

The second strike against plaintiff arises from her failure to serve process upon the defendants in this case, which, once again, she concedes she failed to do. If that were plaintiff's sole failure in prosecuting this action, then this court would likely excuse it in light of her *pro se* status. However, this court finds that plaintiff incurred strike three by submitting extremely limited responses to motions to dismiss in which, once again, she failed to even address the arguments that her claims lacked substantive merit. Finally, this court finds that plaintiff incurred a fourth strike by failing to submit any response to the renewed motions to dismiss filed by several of the defendants, or even seeking additional time to do so.

In light of the foregoing, it seems quite clear that plaintiff has been either unable or unwilling to even make a serious effort to prosecute her claims in this case. This court therefore concludes that this action should be dismissed, and the only question is whether that dismissal should be with or without prejudice. In the limited responses which she filed, plaintiff writes that "if the court does not allow me time to serve process, I respectfully request the court to dismiss the case without prejudice. [Docket entry 28-1 at 2]. This request is clearly not well taken as to the claims against the individual defendants in this case, since it seems clear that they face no liability under Title VII or the ADEA. Plaintiff has submitted no arguments suggesting otherwise, and the claims against the individual defendants will therefore be dismissed with prejudice.

This court will take a more nuanced approach as to plaintiff's claims against the non-individual defendants. As to these defendants, this court concludes that plaintiff has clearly established that she is either unwilling or unable to prosecute this case properly on a *pro se* basis, and, that being the case, it would be unfair to force any of the defendants to incur the same expenses involved in filing motions to deal with this fact. This court will therefore bar plaintiff

3

from filing another *pro se* complaint arising from the allegations in his case. This court will not, however, preclude plaintiff from re-filing her claims against the non-individual defendants in this case, if she is able to secure counsel to assist her in doing so. If this occurs, then this court will assume that any such counsel will have concluded, in deciding to represent plaintiff, that she has potentially meritorious claims which are not barred by applicable statutes of limitations. This court will further assume that any such counsel is, unlike plaintiff, both willing and able to prosecute this action in a proper manner. With this caveat, the motions to dismiss filed by the defendants in this case will be granted.

    It is therefore ordered that defendants' motions to dismiss are granted.

    A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

    This, the 30th day of April, 2025.

                                            /s/ Michael P. Mills
                                          UNITED STATES DISTRICT JUDGE
                                          NORTHERN DISTRICT OF MISSISSIPPI